## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

George A. Rosser,

    Plaintiff,

v.

Case No. 2:13–cv–674

Carolyn W. Colvin,
Acting Commissioner
of Social Security,

Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

Plaintiff objects to the Report and Recommendation ("R&R") issued by Magistrate Judge King in this social security case. For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R.

George A. Rosser ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits on August 10, 2010. The application was denied initially and on reconsideration. Plaintiff requested and received a *de novo* hearing before an administrative law judge ("ALJ"), who also denied benefits after determining Plaintiff was not disabled. The Appeals Council declined to review the ALJ's decision. Plaintiff filed suit in this Court on July 12, 2013, and the Magistrate Judge issued an R&R on February 4, 2014, that recommends affirming the Commissioner's decision and dismissing the case.

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Pursuant to that rule, the undersigned must determine *de novo*

any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

In this case, Plaintiff has made timely objections. He argues: (1) the R&R failed to consider Plaintiff's argument that the ALJ failed to incorporate non-exertional limitations in Plaintiff's Residual Functional Capacity ("RFC") determination; (2) the R&R incorrectly determined the ALJ adequately considered Plaintiff's limitations relating to carpal tunnel syndrome; (3) the R&R used *post-hoc* rationalization to find substantial evidence to support the ALJ's good reason for assigning little weight to Dr. Haggenjos's opinion; and (4) the R&R incorrectly determined the case should not be remanded based on new and material evidence. The Court considers each objection in turn.

### 1. The R&R did Discuss the ALJ's Alleged Failure to Incorporate Non-exertional Limitations in Plaintiff's RFC Determination.

Plaintiff contends that the R&R failed to address a portion of his argument regarding Dr. Chaterjee's diagnosis of dysthymic disorder.

He contends his argument as set forth in his statement of specific errors was two-fold. First, he says he argued the ALJ lacked substantial evidence for rejecting Dr. Chaterjee's opinion when the ALJ found Plaintiff's dysthymic disorder non-severe. Second, he says he argued the ALJ erred in not considering the impact of his dysthymic disorder when determining Plaintiff's

RFC. He states the ALJ is required to consider limitations posed by even non-severe impairments when determining a claimant's RFC.

Plaintiff contends the R&R addressed his first argument and found that substantial evidence supported the ALJ's rejection of Dr. Chatterjee's opinion.[1] Plaintiff contends, however, that the R&R failed to address the second half of his argument—that the ALJ neglected to consider the impact of Plaintiff's non-severe dysthymic disorder in the RFC determination. Although the R&R did not state so explicitly, it implicitly found the ALJ considered the impact of Plaintiff's dysthymic disorder but concluded it caused no non-exertional limitations. Upon *de novo* review of the record, the Court agrees.

The ALJ noted that where objective medical evidence does not substantiate statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms, the ALJ must make a credibility finding based on a consideration of the entire case record. ALJ Dec. 5, PAGEID # 118, ECF No. 8. The ALJ was only required to incorporate those limitations into the RFC that he deemed credible. *Justice v. Comm'r Soc. Sec. Admin.*, 515 F. App'x 583, 588 (6th Cir. 2013) (finding no error in ALJ's exclusion of mental limitations in RFC determination where ALJ found evidence not credible) (internal citations omitted).

The ALJ specifically stated that there were no objective abnormalities noted in Dr. Chaterjee's examination and that Plaintiff's subjective testimony

---

[1] Plaintiff does not object to that conclusion in the R&R.

about psychological symptoms lacked reliability due to the use of leading questions. *Id.* The ALJ further stated that Dr. Chaterjee's opinion regarding Plaintiff's low stress tolerance and temper was highly dependent on Plaintiff's self-reporting but that the ALJ gave little weight to Plaintiff's allegations concerning his symptoms and limitations due to Plaintiff's lack of credibility. *Id.* at 6, PAGEID # 119. Thus, the ALJ assigned little weight to Dr. Chatterjee's opinion.

In addition to explaining why he rejected Dr. Chaterjee's opinion, the ALJ discussed affirmative evidence demonstrating Plaintiff had no limitation in social functioning, namely that Plaintiff visited with family multiple times a week and was observed to have no objective social or communication deficits in a psychological evaluation.

Plaintiff's citation to *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) does not diminish the relevance of Plaintiff's visits with family members. *Gayheart* stated that a claimant's occasional visits to family members does not undermine a professional's opinion that the claimant had marked limitations in his ability to interact independently and appropriately with others because occasional visits to family and a monthly trip to the grocery store do not indicate the claimant could perform the activity on a sustained basis. *Id.* Here, Plaintiff visits relatives multiple times a week, indicating he does so more than sporadically or only occasionally. Indeed, *Gayheart* recognized the activities would be relevant if they suggested the claimant could do something on a

sustained basis. *Id.* Thus, as the ALJ found, Plaintiff's weekly visits are indicative of a lack of limitation in social functioning. Moreover, the ALJ did not base his finding of no limitation in social function on either the family visits or the psychological evaluation alone but rather on a combination of the two.

In sum, the ALJ did not fail to consider Plaintiff's non-exertional limitations from his dysthymic disorder when conducting the RFC determination. Upon consideration of Dr. Chaterjee's opinion, Plaintiff's credibility, and the affirmative evidence regarding Plaintiff's family visits and participation in a psychological evaluation, substantial evidence supports the ALJ's determination that Plaintiff's dysthymic disorder caused no non-exertional limitations. Plaintiff's first objection is therefore overruled.

### 2. The ALJ Adequately Considered Plaintiff's Grasping Limitations Related to His Carpal Tunnel Syndrome.

Plaintiff objects to the R&R's conclusion that the ALJ adequately considered Plaintiff's handling and grasping limitations from carpal tunnel syndrome in the RFC determination. Upon *de novo* review, the Court agrees with the R&R.

As the R&R states, the ALJ considered Dr. Haggenjos's opinion that Plaintiff can rarely use his right hand to handle and finger. However, the ALJ noted Dr. Haggenjos's opinion was inconsistent with other objective medical evidence because "other physicians have examined the claimant and found him

to have normal strength, grip and range of motion in both upper extremities . . . ." ALJ Dec. 6, PAGEID # 119, ECF No. 8.

Despite Plaintiff's assertion to the contrary, the ALJ did resolve inconsistencies in the record by citing to specific evidence. The ALJ found Dr. Haggenjos's opinion was inconsistent with other objective medical evidence and granted that opinion little weight. In doing so, the ALJ specifically cited record numbers 14F, 19F, and 20F and summarized the relevant evidence from those records. As discussed by the ALJ, those exhibits showed Plaintiff had normal strength, grip, and range of motion. Specifically, the exhibits stated Plaintiff's upper extremity strength and muscle tone were normal, tinel sign over the median nerve at the right wrist was negative, electrodiagnostic studies showed only moderate carpal tunnel neuropathy, and Plaintiff had 5/5 strength on both his right and left grip. Ex. 19F at 2, PAGEID # 482, 489, ECF No. 8; Ex. 20F at 9, PAGEID # 502, ECF No. 8. Moreover, the ALJ specifically referred to Dr. Weaver's opinion that while Plaintiff would probably be limited in the performance of sustained reaching with his right upper extremity, lifting, and carrying, he would "probably be capable of performing physical activities involving handling objects . . . ." ALJ Dec. at 6, PAGEID # 119, ECF No. 8 (citing Ex. 14F).

Although the ALJ summarized the evidence and referred to the entire reports instead of detailing each finding in the reports or citing the exact page numbers of those findings, the undersigned cannot find the ALJ failed to cite specific evidence.

Plaintiff also argues the exhibits are insufficient to support the ALJ's findings. He contends that exhibit 19F addresses upper extremity strength but does not address grip strength and that exhibit 20F addresses grip strength but does not assess sensation in the right hand. While it may be true that neither exhibit, alone, addresses both grip strength and sensation, the combination of the exhibits addresses both. Exhibit 19F addresses sensation by discussing the negative tinel sign, and exhibit 20F addresses grip strength. Together, then, the exhibits show Plaintiff had normal grip strength and no tinel sign on the right wrist.

Last, Plaintiff argues that the EMG study documented moderate carpal tunnel neuropathy and that such neuropathy necessarily equates to a limitation. He cites no case law to support the assertion that a diagnosis of a medical condition always amounts to a limitation. Indeed, the mere fact that a medical condition has been diagnosed says little of the severity of the condition. *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) ("But not every diagnosable impairment is necessarily disabling.") (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [an impairment] . . . says nothing about the severity of the condition.")).

Moreover, Plaintiff points to no opinion from any doctor in the record (other than Dr. Haggenjos) that the carpal tunnel syndrome caused a limitation. Thus, the ALJ acknowledged Plaintiff's carpal tunnel syndrome but found that it did not cause any limitation for purposes of Plaintiff's RFC. Upon *de novo* review, the

Court finds the ALJ cited specific evidence to support his conclusions, and substantial evidence supports the ALJ's conclusions. Plaintiff's objection is therefore overruled.

### 3. The R&R Did Not Engage in *Post-Hoc* Rationalization.

Plaintiff objects to the R&R's conclusion that the ALJ provided good reason for assigning little weight to Dr. Haggenjos's opinion, arguing the R&R used *post-hoc* rationalization.

The R&R agreed that the ALJ provided good reasons for assigning little weight to Dr. Haggenjos's opinion and found that the record contained substantial evidence for the ALJ's stated good reason. Plaintiff's objection argues not that the ALJ failed to provide good reason or that his decision was not in fact supported by substantial evidence but that the R&R engaged in *post–hoc* rationalization for finding substantial evidence to support the reasons cited by the ALJ. Specifically, Plaintiff faults the R&R for citing pages 487 and 502 of the record when the ALJ did not cite those specific pages.

In citing to pages 487 and 502 of the record, which Plaintiff admits contains specific evidence that may have supported the ALJ's findings, the R&R was not engaging in *post-hoc* rationalization. Rather, those pages are part of exhibits 19F and 20F, which, as noted above, the ALJ himself cited in his discussion of the appropriate weight to assign Dr. Haggenjos's opinion. The R&R was thus merely confirming that the exhibits cited by the ALJ contain substantial evidence supporting the ALJ's findings regarding inconsistencies between Dr. Haggenjos's

opinion and other record evidence and supporting the ALJ's ultimate decision to assign little weight to Dr. Haggenjos's opinion. In other words, unlike in *Berryhill v. Shalala*, 4 F.3d 993, at *6 (6th Cir. Sept. 16, 1993), which Plaintiff cites, the R&R did not provide a different rationalization for upholding the ALJ's conclusion. Plaintiff's objection that the R&R used *post hoc* rationalization is overruled.

### 4. Remand under Sentence 6 of 42 U.S.C. Section 405(g) for Consideration of New and Material Evidence is Inappropriate Because the Evidence is not Material.

The R&R considered Plaintiff's argument, made on pages 17–20 of his statement of specific errors, that the Appeals Council should have reviewed the ALJ's decision in light of an additional psychological examination presented after the ALJ issued his decision. Plaintiff argued that a psychological examination by Dr. Douglas Pawlarczyk was completed before Plaintiff's hearing date but was not available until after the hearing. He contended the examination was further proof of his disability, amounted to new and material evidence, and should have served as a basis for the Appeals Council to review the ALJ's decision.

The R&R rejected Plaintiff's argument. In doing so, Magistrate Judge King noted that the Court may, under certain circumstances, remand a case under Sentence 6 of 42 U.S.C. § 405(g) for further administrative proceedings in light of new and material evidence. R&R 23, ECF No. 19. She noted it is Plaintiff's burden to demonstrate the additional evidence is "new" and "material" and that there is "good cause" to excuse his failure to present it to the ALJ. *Id.* (citing *Hollon ex rel Hollon v. Comm'r Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006)). As

the R&R explains, and as Plaintiff quotes in his statement of specific errors, "[i]n order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec. of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

In concluding remand was inappropriate, Magistrate Judge King first noted the opinion was generated long after Plaintiff's insured status expired. Second, she found that there is not a reasonable probability that the Commissioner would have reached a different result had the new opinion been presented to the ALJ. R&R 25, ECF No. 19. The R&R found significant the fact that Dr. Pawlarczyk noted that Plaintiff reported no previous mental health treatment and indicated a high suspicion for malingering on one of the tests. *Id.*

Plaintiff objects, arguing the report may have been generated after Plaintiff's insured status expired, but it related back to the time before his date last insured. Obj. 5, ECF No. 20. Second, he argues it was inappropriate for the Magistrate Judge to consider whether there was a reasonable probability the ALJ's decision would have been different if he considered Dr. Pawlarczyk's opinion. *Id.* at 6. Plaintiff argues it was not the Magistrate Judge's duty to decide what the ALJ might have concluded if presented with the new evidence; it was her duty only to determine whether the new evidence was material.

Plaintiff's objections are overruled. Regardless of whether the opinion related back to the time before Plaintiff's date last insured, it was not material. In order to determine whether Dr. Pawlarczyk's opinion was material, Magistrate Judge King was required to consider whether there was a reasonable probability the ALJ would have ruled differently given the opinion, and her consideration of that issue was appropriate. Moreover, Plaintiff contends in one sentence that the evidence was material because Dr. Pawlarczyk examined Plaintiff, reviewed the relevant evidence, and opined Plaintiff was disabled. Given that the ALJ questioned Plaintiff's credibility, ALJ Dec. 5–6, PAGEID # 118–19, ECF No. 8, and Dr. Pawlarczyk noted Plaintiff's responses indicated a high suspicion of malingering on one of the test instruments, the Court agrees with the R&R that the new evidence was not material.

In conclusion, Plaintiff's objections are overruled. The Clerk shall enter judgment for Defendant and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**